Richard J. Daronco, J.
Briefly stated, the above-entitled proceeding ensued as follows: respondent Joan Green was *29 arraigned on the child neglect petition; respondent Calvin Green was arraigned on the child abuse petition, both dated March 28,1972, filed herein by the Department of Social Services (Division of Family and Child Services), County of Westchester, seeking a determination that the said children are neglected/ abused children under article 10 of the Family Court Act.
Upon the initial proceeding, the court transferred the child abuse portion of this petition against respondent Calvin Green to the City Court, Criminal Part, City of Peekskill, for further proceedings as to him (Family Ct. Act, § 1014). The child neglect portion, was continued before this court. Respondent Joan Green upon arraignment requested counsel be assigned to her.
The allegations under both petitions were brought to the attention of the court and to the authorities by the Legal Aid Society of Westchester County wherein its representative (Andrew Levy) participated in both the related family offense proceeding and the instant proceeding, amicus curiae, on behalf of the children. Because of their involvement in this proceeding the society has apprised the respondent, Joan Green, that they are unable to furnish her an attorney in this proceeding.
There is no specific provision in the Family Court Act for the assignment of counsel to indigent persons. Where no specific method of procedure is provided by the Family Court Act, the provisions of the CPLR shall apply to the extent they are appropriate to the proceeding involved (Family Ct. Act, § 165).
Respondent, Joan Green now moves pursuant to CPLR 1102 (subd. [a]) for permission to proceed and defend as a poor person and have counsel assigned to her in this proceeding. It is alleged by her that she is the recipient of public assistance having no resources available to draw upon, nor is she able to pay the costs, fees and expenses necessary to secure an attorney to represent her in this proceeding. Her claim of indigency is uncontradicted.
Because of the involvement by the Legal Aid Society in these proceedings on behalf of the said children, this respondent now finds that free legal services and assigned counsel afforded to welfare recipients are not now available to her in this proceeding.
It is evident to this court in this instance that, for the respondent to proceed to defend her right to retain the custody of her children, without counsel, would be of such magnitude and consequence as to deprive her of a fair trial and deny to her the equal protection of the laws guaranteed to her by the State and Federal Constitutions.
*30 The court in reaching this conclusion does not intend to provide an additional means to assign counsel to indigent individuals in civil matters. It is because of the nature of this proceeding and because of the serious consequences involved that the court seeks to avoid any possibility of unfairness to this respondent and not deprive her of the free legal services which would be afforded to her as a welfare recipient.
Under the circumstances herein and in the exercise of the court’s discretion, respondent Joan Green’s motion to defend this proceeding as a poor person and for assignment of counsel is granted and Alfred Olsen, Esq., Bar Building, White Plains, New York, is assigned to defend this proceeding on behalf of Joan Green, respondent.